IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANTHONY T. THOMAS, <br><br> Petitioner <br><br> VS. <br><br> Commissioner BRIAN OWENS, <br><br> Respondent | NO. 1:06-CV-136 (WLS) <br><br> PROCEEDING UNDER 28 U.S.C. §2254 <br> BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner ANTHONY T. THOMAS filed this federal habeas corpus petition challenging his 2002 Sumter County conviction for aggravated assault with intent to commit rape. He pled guilty to one count of aggravated assault with intent to commit rape on October 22, 2002, and was sentenced to twenty (20) years imprisonment, to serve ten (10). He did not file a direct appeal of this conviction but filed a state habeas corpus petition on March 20, 2003. Following an evidentiary hearing on July 18, 2003, the state habeas corpus court denied relief in an order filed May 25, 2004. The Georgia Supreme Court denied petitioner Thomas' application for a certificate of probable cause to appeal on July 13, 2006. He filed this federal petition in October 2006.

### STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court's "review is greatly circumscribed and is highly deferential to the state courts." *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002). Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407)).

Accordingly, a petitioner must first establish that the state habeas corpus court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In other words, as this is a post-AEDPA case, the petitioner herein may obtain federal habeas relief ***only*** if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court. *Williams*, 529 U.S. at 406.

The AEDPA retains the statutory presumption of correctness that is to be afforded state courts' factual findings. 28 U.S.C. § 2254(e)(1). *See Crawford*, 311 F.3d at 1295; *Sumner v. Mata*, 449 U.S. 539, 547 (1981).

### PETITIONER'S HABEAS CORPUS CLAIMS

In his application for habeas corpus relief, petitioner Thomas sets forth four grounds for relief. In **Grounds One through Three**, he claims that he received ineffective assistance of counsel at trial. These identical grounds were raised in petitioner's state habeas corpus petition. In Ground One, petitioner Thomas alleges that counsel coerced and misled him into entering a plea of guilty. In Ground Two, he contends that counsel failed to properly interview the alleged victim. In Ground Three, he alleges that counsel failed to interview certain State witnesses.

In order to establish that his counsel's representation was constitutionally defective, the petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985). The petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [trial] strategy'". *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989). The two-prong *Strickland* test applies to guilty plea challenges, although the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. The court's determination of prejudice to the petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

It does not appear, nor has petitioner shown, that the state habeas corpus court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that plaintiff's trial counsel provided the plaintiff with effective representation. Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that counsel was not deficient and did not prejudice petitioner at trial. The facts as found by the state habeas court evidence counsel's effective representation. Therefore, Grounds One through Three will not support the granting of habeas corpus relief herein.

In **Ground Four** of his petition, petitioner Thomas raises a claim not previously presented to the state courts for review. Counsel for the respondent asserts that this claim is procedurally defaulted under Georgia's successive petition rule as petitioner did not raise this claim in his state habeas corpus petition or on direct appeal and would not be allowed to do so in a second state habeas corpus action. O.C.G.A. § 9-14-51. Under Georgia law, any grounds for habeas corpus relief not raised in an original or amended habeas corpus petition

> *are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.*

> *Id.*

A state prisoner may not obtain federal habeas corpus relief on a claim that the state courts would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986). Herein, petitioner Thomas has failed to establish either cause or prejudice for the procedural default of the claim at issue. The petitioner has not established cause and actual prejudice to excuse the procedural default of this claim, nor has he established a fundamental miscarriage of justice if his claim is not heard.

Inasmuch as the grounds for relief raised herein will not support the granting of habeas corpus relief, IT IS RECOMMENDED that this petition be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 19th day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE